01

02

03

04

05

06

07
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
08
AT SEATTLE

09
EDWARD WAGNER,                          )
                                        )    Case No. C06-1400-RSL-JPD
10
           Plaintiff,                   )
                                        )
11
       v.                               )
                                        )
12
MICHAEL J. ASTRUE, Commissioner,        )    REPORT AND RECOMMENDATION
Social Security Administration,         )
13
                                        )
           Defendant.                   )
14
_____ )

15
           I.    INTRODUCTION AND SUMMARY CONCLUSION

16
           On January 18, 2007, the parties in the above-captioned case stipulated that this matter

17
be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §

18
405(g).  Dkt. No. 11.  On January 22, 2007, this Court ordered that the Commissioner's

19
decision in this case be reversed and remanded for further administrative proceedings.  Dkt.

20
No. 12.  The present matter comes before the Court on plaintiff's motion for attorney's fees,

21
costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt.

22
No. 14.   Defendant filed a response opposing the motion (Dkt. No. 15), to which plaintiff

23
replied.  Dkt. No. 17.  After careful consideration of the pleadings, supporting materials,

24
governing law, and the balance of the record, the Court recommends that plaintiff's motion

25
for award of attorney's fees be GRANTED IN PART and fees AWARDED, as set forth

26
below.

REPORT AND RECOMMENDATION
PAGE – 1

01

02                    II.   FACTS AND PROCEDURAL BACKGROUND

03         On January 22, 2007, this Court ordered that the Commissioner's decision in this case

04   be reversed and remanded for further administrative proceedings.  Dkt. No. 12.  Judgment by

05   the Court was entered on June 4, 2007.  Dkt. No. 16.  During the period between entry of the

06   Court's order for remand, and the Court's entry of judgment to that effect, plaintiff's counsel

07   requested an award of attorney's fees under the EAJA.  Dkt. No. 13.  Defendant challenged

08   this motion for fees on May 30, 2007, based on the untimely and unreasonable nature of the

09   fee request.  Dkt. No. 15.  After the Court's judgment was entered in this case, plaintiff filed

10   a reply regarding attorney's fees stating that the initial motion for fees was premature because

11   it was filed prior to the Court's entry of judgment, but nevertheless urging the Court to award

12   fees at this time.  Dkt. No. 17.

13                              III.   DISCUSSION

14         A.     Timeliness of Plaintiff Counsel's Motion for Fees

15         In order to recover attorney's fees under the EAJA, the prevailing party "shall, within

16   thirty days of final judgment in the action, submit to the court an application for fees and

17   other expenses."  28 U.S.C. § 2412(d)(1)(B).  A judgment becomes final once it is no longer

18   appealable.  28 U.S.C. § 2412(d)(2)(G).  In civil cases that include the United States as a

19   party, the period for appeal is sixty days after entry of final judgment.  Fed. R. App. P.

20   4(a)(1)(B).  The thirty day period for request of EAJA attorney's fees begins as soon as the

21   right to appeal the Court's final judgment expires.  *Shalala v. Schaefer*, 509 U.S. 292, 294

22   (1993).  The thirty day period for EAJA attorney's fee requests begins when the Court enters

23   a final judgment, which must be "set forth . . . on a separate document."  *Id.* at 302. (internal

24   quotations omitted).

25         The Court entered a separate final judgment in this case on June 4, 2007.  Dkt. No. 16.

26   The time limits for requesting fees under the EAJA have therefore not expired, and plaintiff's

REPORT AND RECOMMENDATION
PAGE – 2

01  motion for attorney's fees is not time barred.  Conversely, plaintiff's motion is premature as it

02  was filed prior to entry of a final judgment in the case.  As both parties make clear in their

03  briefs however, this Court has the discretion to grant attorney's fees even when untimely.

04  Dkt. No. 15, 17.  *See also Van v. Barnhart*, 483 F.3d 600, 603 n.2 (9th Cir. 2007).  A grant of

05  EAJA fees prior to entry of a final judgment would not be prudent.  *See, e.g., Sohappy v.*

06  *Hodel*, 911 F.2d 1312, 1321 (9th Cir. 1990) (court refused to grant fees to petitioner because

07  a final judgment had not yet been entered).  However, in this case the judgment has now been

08  entered, and as a practical matter the Court finds that the request for attorney's fees is now

09  proper and should be considered.

10          B.      Reasonableness of Fees Requested

11          The EAJA entitles prevailing parties to "reasonable fees and expenses of attorneys."

12  28 U.S.C. § 2412(b).  Reasonable fees may be calculated based on "the number of hours

13  reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v.*

14  *Eckerhart*, 461 U.S. 424, 433 (1983).  The only challenge made by the defendant in this case is

15  to the reasonableness of time expended by plaintiff's counsel, the defendant does not challenge

16  the reasonableness of the hourly rate.  Dkt. No. 15.

17          The Court finds that the hourly rate charged by plaintiff's counsel is reasonable.  As to

18  the number of hours included in plaintiff's motion, the Court finds that these fees are

19  reasonable with the exception of the unsubstantiated charges for teleconference with a party

20  identified only as "RH," and time charged to review the Court's order allowing plaintiff to

21  proceed *in forma pauperis*.  Plaintiff's request for an additional three hours spent engaged in

22  the present fee request is also permissible under the EAJA and should be granted.  *See Comm'r*

23  *of INS v. Jean*, 496 U.S. 154, 163 (1990) (finding that district courts have wide discretion in

24  awarding fees).

25                              IV.   CONCLUSION

26      Plaintiff's attorney, Mr. George Andre Fields, should be awarded attorney's fees in

REPORT AND RECOMMENDATION
PAGE – 3

01  the amount of $2,382.56 based on 14.55 hours work at the rate of $163.75 per hour, as well

02  as expenses in the amount of $13.95 under the EAJA, 28 U.S.C. § 2412.  A proposed Order

03  Awarding Attorney's Fees, Costs, and Expenses accompanies this Report and

04  Recommendation.

05          DATED this 26th day of June, 2007.

06

07  _____

08  JAMES P. DONOHUE

    United States Magistrate Judge

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE – 4